Pattee *v.* Lowe.

PATTEE *versus* LOWE, *Adm'r.*

By R. S. c. 109, § 28, " no action shall be brought against an administrator, after the estate is represented insolvent, unless for a demand which is entitled to a preference, and not affected by insolvency of the estate; or unless the assets should prove more than sufficient to pay all claims allowed by the commissioners."

Proofs of *waste*, and *mal-administration* are not competent to sustain an action under either of those exceptions.

To maintain an action on a claim disallowed by the commissioners on an insolvent estate, the creditor must give notice of his appeal at the probate office, *after* the return of the report of the commissioners and commence his action within three months from such return.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

ASSUMPSIT, to recover an account due from Asa Pattee the defendant's intestate. The writ is dated March 14, 1850. The defendant pleaded the general issue, with a brief statement of the statute of limitations, and of proceedings in insolvency in the settlement of the estate of Pattee.

The plaintiff produced evidence of defendant's appointment, of the decree of insolvency, of the commission to Ingalls and Burr, appointed commissioners on the estate, bearing date June 5, 1849, returnable in six months, of the certificate of the oaths taken by said commissioners, that of Ingalls, dated Oct. 4, 1849, and that of Burr, dated Oct. 6, 1849, of the Probate Court in the county of Somerset being held on the first Tuesday of each month, and that it was held on Dec. 4, 1849, of the commissioners' report upon the claims against said estate, recorded in the office of the Register of Probate, with a minute in the margin of the record "filed December 12, 1849."

It also appeared, that the plaintiff's demand was presented

to the commissioners for adjudication at their hearing had Oct. 6, 1849, and was by them disallowed; and that on December 18, 1849, he gave the notice required by law of an appeal from their decision.

On this presentation of the plaintiff's case, the presiding Judge ruled, that the action could not be sustained, as an appeal from the commissioners, not being seasonably commenced.

The plaintiff then requested the Judge to rule, that the proceedings in insolvency, being defective as to the time of the return of the commissioners, and as to the time of their taking the oath, as appeared from the copies produced, were no bar to the maintenance of this action, which request was declined.

The plaintiff then offered to prove, that the estate was not *actually* insolvent, but that the assets were more than sufficient to pay all the debts allowed and all outstanding against said estate, and offered the inventory returned, and the defendant's account returned and allowed, together with the records of the Probate Office pertaining to the settlement of the estate, which were admitted, and show that the estate was insolvent. He then offered to prove by parol, *waste* on the part of the defendant in administering the assets of said estate, and negligence or fraud in selling the real estate, and in not opposing the allowance of illegal and improper claims, and in incurring unnecessary and extravagant expenses in the administration. All which parol proof, the Court refused to receive.

And thereupon, a nonsuit was entered, and the plaintiff excepted to the rulings of the Judge.

*Webster*, for the plaintiff, contended, that the commissioners of insolvency, having only six months from June 5, 1849, in which to perform their duties, and not having returned their commission within that time, their doings were of no avail. It was as though they had never acted under it. Besides they made a return on Dec. 12, seven days after the session of the Court for December, filed it in the Register's office, where it

is recorded without being presented or reported to the Judge or any decree passed upon it. This report was not brought to the attention of the Probate Judge until July 6, 1852.

If either party fails of following the directions of the statute, he loses the statute benefit intended for him. If both fail they are remitted to their common law rights.

The proceedings in the Probate Court, not being according to the course of the common law, may be impeached by plea and proof as they cannot be reversed on error. The Judge erred, therefore, in rejecting the proof offered.

*J. S. Abbott*, for defendant, maintained, —

1. This action must fail, because it was not commenced within three months after Dec. 12, 1849, the time of the return of the commissioners' report. R. S. c. 109, § § 17, 18, 20.

2. It was no valid objection, that their report was not returned until after the expiration of six months. No claim was proved after that time. Section 12 is *directory*, and a short delay after the expiration of the period of six months cannot vitiate the proceedings of the commissioners.

3. The commissioners were under oath, as appears by plaintiff's showing, during all their proceedings in receiving and acting upon claims. Their return, showing that they had given the required notice, is under oath. It is not necessary that they should have been sworn before giving notice. But *if otherwise, it is not proved that they were not sworn* previously to giving notice ; and, further, this plaintiff cannot, in this action, take any advantage of such defect, if it be a defect.

4. The record evidence, offered by plaintiff, shows that the estate is actually insolvent, and the proposed oral proof is inadmissible. If any such facts, as suggested, exist, (as they do not,) the proper place for investigating them, is in the Probate Court.

Howard, J. — The plaintiff proved that the estate of the defendant's intestate was duly decreed insolvent ; that commissioners of insolvency were appointed, to receive and examine claims against the estate, who accepted the trust, and

Pattee v. Lowe.

acted under the commission ; that at a time and place appoint-ed by them, creditors to the estate presented and proved their claims, and that his claim was then presented and disallowed by the commissioners ; and that they undertook to return to the Judge of Probate a list of all claims laid before them, with the sums allowed, in pursuance of the provisions of the statute, on December 12, 1849. The plaintiff being dissat-isfied with the disallowance of his claim, appealed from the decision of the commissioners, and gave notice in writing of his appeal, at the Probate Office, on the 18th of the same month. On March 14, 1850, he brought this suit to deter-mine his claim, at common law.

If the proceedings under the commission of insolvency were conformable to law and valid, this action not having been commenced within three months after the report of the commissioners was returned, was not seasonably brought, and cannot be sustained. R. S. c. 109, § 20.

But if those proceedings were defective, as alleged by the plaintiff, then there is no evidence that a report of the com-missioners was returned before notice of the appeal claimed was given. Notice before the return of the commissioners is not in compliance with the requirements of the statute, but premature and inoperative. Subsequent notice is made a prerequisite to the maintenance of the action. R. S. c. 109, § § 17, 18; *Goff* v. *Kellogg*, 18 Pick. 256.

By the statute referred to, § 28, no action shall be brought against an administrator, after the estate is represented insol-vent, unless for a demand which is entitled to a preference, and not affected by insolvency of the estate ; or unless the assets should prove more than sufficient to pay all claims allowed by the commissioners. The proof offered did not bring the plaintiff's case within the exceptions, and it was not competent in this action, as tending to prove waste and mal-administration, and it was, therefore, properly rejected.

*Exceptions overruled, and nonsuit confirmed.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.